IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| In the Matter of: ) | |
| ) | CASE NO. 19-83464-CRJ11 |
| LKLEE, LLC. ) | |
| EIN: XX-XXX0630 ) | CHAPTER 11 |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |

## MOTION TO APPROVE PROCEDURES FOR
## PAYMENT OF INTERIM COMPENSATION OF PROFESSIONALS

COMES NOW, LKLEE, LLC, Debtor and Debtor in Possession ("Debtor") and hereby files this Motion to Approve Procedures for Payment of Interim Compensation of Professionals and says as follows:

1. On November 21, 2019, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code 101, *et. seq.* ("Bankruptcy Code"), thereby commencing a Chapter 11 case.

2. Since the Petition Date, the Debtor has continued in possession of its property and control of its operations pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On December 5, 2019, Debtor submitted its Application for Approval of Employment of Bankruptcy Counsel [Doc.7]. Section 331 of the Bankruptcy Code allows Debtor's counsel or any professional person employed by the Debtor to submit an application for interim compensation and reimbursement of expenses every 120 days, or more often if the court permits.

4. Debtor anticipates that it will have to employ one or more professionals in addition to Debtor's counsel during the course of this case. According, Debtor requests the entry of an Order authorizing and establishing procedures for compensating and reimbursing the Professionals on a monthly basis. Such an

Order would enable the Court, the Bankruptcy Administrator, and all other parties to more effectively and efficiently monitor the Professionals' fees and expenses incurred in these cases.

5. Specifically, Debtor proposes that the Debtor be allowed to pay interim compensation to allowed professionals including Debtor's counsel, as follows:

(a) No earlier than the 15th day of each calendar month, beginning in December 2019, each Professional seeking interim compensations may serve a Notice (the "Monthly Fee Notice") on the Debtor pursuant to 11 U.S.C. 331 for interim payment for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period").

(b) Each Monthly Fee Notice shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Eleventh Circuit law and the Local Rules of the Bankruptcy Court for the Northern District of Alabama ("Local Rules"), and shall be served upon the Bankruptcy Administrator, 20 largest creditors and parties requesting notice.

(c) Each Notice Party shall have 10 days after service (the "Objection Deadline") of a Monthly Fee Notice to deliver to the party serving the Monthly Fee Notice any Objection (the "Objection"). Each Objection must identify in detail the specific time entries and/or expenses which are subject of the Objection.

(d) Upon the expiration of the Objection Deadline, Debtor will be authorized to pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of (I) 80 percent of the fees and 100 percent of the expenses requested in the Monthly Fee Notice (the"Maximum Payment") or (ii) 80 percent of the fees and 100 percent of the expenses not subject to any Objection.

(e) Any objecting party and the Proffesional may attempt to resovle the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 10 days after service of the Objection, then the Professional may either (i) file the Objection and any response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payments and the Actual Interim Payment made to the affected

Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection, if requested by the parties.

**(f)** Allowance of monthly fees and expenses shall not constitute an interim or final approval of the Professionals fees and expenses.

**(g)** At three month intervals or such other intervals convenient to the Court ("Interim Period"), each Professional may file with the Court and serve upon the Notice Parties an interim application for allowance of compensation and reimbursement of expenses, pursuant to 11 U.S.C. 331, of the amounts sought in the Monthly Fee Notices filed during such period (the "Interim Fee Application"). The Interim Fee Application must include a summary of the Monthly Fee Notices that are subject of the request and any other information requested by the Court or required by the Local Rules.

**(h)** The Applicant shall file its notice of the Interim Fee Application ("Hearing Notice") as provided by the Local Rules of the Untied States Bankruptcy Court for the Northern District of Alabama.

**(i)** The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

**(j)** Neither the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses, nor the filing of or failure to file an Objection will bind any part in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals.

**(k)** All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

**(l)** Hearing Notices to consider Interim Fee Application Requests and final fee applications (collectively, the "Applications") are hereby limited to the Notice Parties and all parties who have filed a notice of appearance with the Clerk of this

Court and have requested such notice.

**(m)** Debtor will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports identifying the amount paid to each of the Professionals.

6. This Court has the authority to allow interim compensation to be paid as provided for above. Specifically, 331 of the Bankruptcy Code allows a Court discretion in determining the frequency with which debtor's counsel or a professional person employed under 327 or 1103 of the Code can apply for compensation. Moreover, 105(a) of the Bankruptcy Code grants the court the authority to make any order necessary or appropriate to carry out the provisions of the Code.

7. The necessity for granting the relief requested is readily apparent. The Debtor cannot employ counsel or professional persons without the permission of the Bankruptcy Court. The procedures for payment of interim compensation as set out above allow the Debtor to employ counsel and professionals as required by the Bankruptcy Code and yet avoids the problem associated with having those professionals and attorneys finance the Debtor's efforts to reorganize.

WHEREFORE, PREMISES CONSIDERED, Debtor LKLEE, LLC., respectfully requests that this Honorable Court grant its Motion to Establish Procedures for Payment of Interim Compensation as well as grant it such further and additional relief as to which it is rightfully entitled.

Respectfully submitted on this 5th day of December, 2019.

John Zingarelli
Attorney for Debtor
PO Box 2145
Decatur, AL 35602
256-350-1264

# CERTIFICATE OF SERVICE

      I hereby certify that on the 5th day of December, 2019, I served a copy of the foregoing on the parties listed below, and on the clerks certified matrix, by depositing the same in the United States Mail, postage prepaid and properly addressed, via electronic mail at the e-mail address below, unless the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures as indicated below:

**Notice will be electronically mailed to:**

Richard Blythe
Richard_Blythe@alnba.uscourts.gov, courtmaildec@alnba.uscourts.gov

**Notice will not be electrically mailed to:**
MAILING MATRIX IS SERVED BY U.S. MAIL

*/s/ John Zingarelli*