IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| In the Matter of: ) | |
| ) | CASE NO. 19-83464-CRJ11 |
| LKLEE, LLC. ) | |
| EIN: XX-XXX0630 ) | CHAPTER 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |

## DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL

COMES NOW, LKLEE, LLC, Debtor and Debtor in Possession ("Debtor"), and files this Emergency Motion for Use of Cash Collateral pursuant to 11 U.S.C. 363 and Rule 4001 (d) of the Federal Bankruptcy Code and in support thereof would show:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1344. This matter constitutes a core matter under 28 U.S.C. 157(m).

2. On November 21, 2019, ("Petition Date") Debtor filed a voluntary petition for relief under Chapter 11 of the Untied States Bankruptcy Code in this district and division.

3. This motion has been served in accordance with Rule 4001 (b) of the Federal Rules of Bankruptcy Procedure upon the Bankruptcy Administrator and the Debtor's Twenty Largest Unsecured Creditors.

4. Debtor owns and leases property under the name of Funland Park and owns one parcel of residential real estate.

5. Since the Petition Date, the Debtor has continued to operate and manage its business as debtor in possession under sections 1107 (a) and 1108 of the Bankruptcy Code. To date, this Court has not appointed a trustee or examiner nor has any official committee been established in this bankruptcy case.

6. Through the filing of the chapter 11 case, the Debtor seeks to successfully reorganize its business operations which will allow it to continue to operate and pay its creditors pursuant to a confirmed plan.

7. Pre-petition, the Debtor borrowed People's Bank of North Alabama and secured that loan with what is commonly referred to as a "blanket lien" on, among other items, the Debtor's inventory, equipment, accounts, deposit accounts, rights to payment, and general intangibles. As of the petition date the Debtor owes People's Bank of North Alabama approximately $2,700,000.00. People's Bank of North Alabama recorded its lien evidenced by a UCC-1 financing statement with the Alabama Secretary of State on October 20, 2017. In addition, there is a blanket lien in favor of the US Small Business Administration in the amount of approximately $1,563,000.00. US Small Business Administration recorded its lien evidenced by a UCC-1 financing statement with Alabama Secretary of State on January 9, 2019.

8. Under the Bankruptcy Code "cash collateral" consists of cash, negotiable instruments, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest. 11 U.S.C. 363 (a).

9. The account receivable proceeds which are subject to the existing liens of People's Bank of North Alabama and US Small Business Administration constitute "cash collateral" within the meaning of 363 (a) of the Bankruptcy Code. Section 363(c)(2) prohibits a Debtor from utilizing cash collateral without the consent of such party or absent Court approval.

10. As part of this Motion, the Debtor submits that its gross receivables over the next month is approximately $32,000.00. During the next month Debtor expects to incur the following expenses:

   a. State Tax to ADOR, City of Decatur Sales Tax, Morgan County Sales Tax: $2,500

   b. Utilities: $3,000

   c. Workers Compensation: $400

   d. Phone and Internet: $800

   e. Property Maintenance: $500

   f. Vehicle and Property Insurance: $800

11. Pursuant to section 363(c)(2)(B), the Debtor seeks authorization from this Court, after

notice and hearing, to use the cash collateral pursuant to the terms and conditions encompassed generally as follows:

a.   Use of Cash Collateral. The Debtor shall strictly account for all income received and used by it. All such income shall be deposited into the Debtor in Possession bank account. The Debtor may use Cash Collateral only to satisfy (I) those expenses reasonable and necessary to the operation and mainenance of Debtor's business as shown above; (ii) the Statutory Fees; and (iii) the allowed fees and expenses payable under 330 and 331 of the Bankruptcy Code to any professional persons retained by an order of this Court.

b.   Adequate Protection. As additional adequate protection for the use of the Cash Collateral derived from the Debtor's accounts receivable and proceeds thereof, properly perfected creditors are hereby granted, as of the Petition Date, the following liens, with the same priority as pre-petition, and withouth prejudice to their right to assert in the future that their interest in the Cash Collateral is not adequately protected or to seek any other relief in the Bankruptcy Case:

*i. Replacement Liens.* A perfected security interest under 361(2), in all future accounts and accounts receivable of the Debtor (both pre-petition and post-petition) and proceeds thereof to the extent and with the same priority that the creditors held in the Debtor's pre-petition accounts receivable (the "Replacement Liens"), subject and subordinate only to the Carvout (as hereinafter defined).

*ii. Deemed Perfected.* The Replacement Liens granted are in addition to the liens and security interests existing in favor of such creditors on rthe Petition Date and are automatically deemed perfected as of the Petition Date without the necessity of the execution, filing or recordation of any financing statements, security agreements or any other filings with any filing office.

*iii.* As used in this Motion, "Carveout" means (I) the unpaid fees of the Clerk of the Bankruptcy Court and the Office of the United Sates Bankruptcy Administrator pursuant to 28 U.S.C. 1930(a) and (b) (the "Statutory Fees") and (ii) the aggregate allowed unpaid fees and expenses payable under Sections

330 and 331 of the Bankruptcy Code to any professional persons retained by an order of this Court.

12. <u>No Wavier of Rights</u>: The replacement lien and its perfection set out above is without waiver by the Debtor to subsequently file a complaint to determine the validity, priority and extent with such lien.

13. <u>No Waiver or Cure</u>. Consent by such creditors to use of Cash Collateral shall not be deemed as a waiver or cure of any defaults of the Debtor under any loan agreement or as a waiver of any acceleration of the debt owed by the Debtor to the creditors.

14. <u>Termination</u>. The rights of the Debtor to use Cash Collateral shall automatically terminate, (a) if the Debtor makes any payments which is not authorized by the Court's order, (b) if any representation or warranty made by the Debtor herein shall have been false when made, (c) upon the dismissal or conversion of the chapter 11 case to a chapter 7 case or appointment of a trustee without the consent of the creditors or the entry of any order determining that creditor's liens and security interests are subordinate to the interests of any other creditor, or (d) if Debtor's counsel receives written notice from creditors of a violation of any other provisions of the order approving the use of Cash Collateral and such violation is not cured within three (3) business days of receipt by Debtor's counsel of such notice.

15. The Debtor has an immediate need for authority to use the Cash Collateral in its ongoing business operations. If Debtro does not receive such authority forthwith it will have to close down without further prospects of reorganization. Accordingly, the Debtor requests that the Court grant this Motion on an Emergency Basis for a period of not more than 30 days during which Debtor requests that the court schedule a final hearing on the Debtor's Motion for Use of Collateral.

WHEREFORE, PREMISES CONSIDERED, Debtor, LKLEE, LLC, respectfully requests that this Honorable Court hold a preliminary hearing pursuant to Rule 4001(b) of the Federal Bankruptcy Rules of Procedure on its Emergency Motion for Use of Cash Collateral pending a final hearing on this motion. Debtor further requests that this Court hold a final hearing on this motion in the event an objection is timely filed, after such hearing grant the motion, and grant

such further and additional relief to which the Debtor may be justly entitled.

Respectfully submitted on this 5th day of December, 2019.

John Zingarelli
Attorney for Debtor
PO Box 2145
Decatur, AL 35602
256-350-1264

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2019, I served a copy of the foregoing Debtor's Motion for Use of Cash Collateral on the parties listed below, and on the clerks certified matrix, by depositing the same in the United States Mail, postage prepaid and properly addressed, via electronic mail at the e-mail address below, unless the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures as indicated below:

**Notice will be electronically mailed to:**

Richard Blythe
Richard_Blythe@alnba.uscourts.gov, courtmaildec@alnba.uscourts.gov

**Notice will not be electrically mailed to:**
MAILING MATRIX IS SERVED BY U.S. MAIL

John Zingarelli